UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
:
MADISON GEERY,                                               :
:           **<u>ORDER DENYING MOTION</u>**
              Plaintiff,                     :           **<u>TO WITHDRAW</u>**
:
v.                                                            :           20 Civ. 753 (AKH)
:
:
ROBERT ELLIS SILBERSTEIN, *et al.*,          :
:
              Defendants.                    :
:
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   On June 9, 2021, Messrs. Kevon Glickman and Paul Verner move to withdraw from the instant action as counsel to Defendant Robert Ellis Silberstein ("Silberstein"). *See* ECF No. 72. Messrs. Glickman and Verner claim that Silberstein's disagreement with their strategic decisions, failure to pay legal fees, and refusal to cooperate render them incapable of performing their duties as counsel. *See id.*, Br. at 1. Plaintiff opposes, citing the significant effort and costs she expended to bring Silberstein into this action, her inability to contact Silberstein other than through his counsel, and the upcoming remote deposition of Silberstein, which is scheduled to be taken on June 23, 2021. *See* ECF No. 74. For the reasons that follow, Messrs. Glickman and Verner's motion is denied, without prejudice to renewal after Silberstein's deposition has been taken.

   Local Rule of the Southern District of New York 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

District courts have broad discretion in deciding a motion to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). In deciding whether to grant a motion to withdraw under Local Rule 1.4, district courts consider two factors: "the reasons for withdrawal, and the impact of the withdrawal on the timing of the proceeding." *Marciano v. DCH Auto Grp.*, No. 11 Civ. 9635 (KMK), 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016). In weighing the impact of the withdrawal on the proceeding, courts consider the "immediacy and degree of potential harm— whether to the client, the lawyer or the judicial system—from the continuation of the representation . . . together with the impact that the grant of the motion to withdraw would have on the progress of the case." *Szulik v. Tag V.I., Inc.*, No. 12 Civ. 1827(PKC), 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013).

Here, Messrs. Glickman and Verner's withdrawal at this juncture will unduly prejudice the judicial system and the progress of the case. As noted in Plaintiff's opposition, Plaintiff expended over 15 months and substantial financial resources to bring Silberstein into this action. *See* ECF No. 74, at 1. After Messrs. Glickman and Verner finally appeared on Silberstein's behalf in March 2021, Silberstein requested several extensions of time, including to file his answer and conduct fact discovery. *See* ECF Nos. 53, 65, 70. Now, less than two weeks before Silberstein's scheduled deposition, Messrs. Glickman and Verner's withdrawal would cause further undue delay and significant interference with the parties' discovery schedule and the Court's management of its calendar. *See Rophaiel v. Alken Murray Corp.*, No. 94 Civ. 9064, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (denying motion to withdraw and noting concern with litigation delay because it would be "too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees").

Accordingly, Messrs. Glickman and Verner's motion to withdraw is denied, without prejudice to renewal after Silberstein's deposition has been taken. The Clerk shall terminate the open motions (ECF Nos. 72, 73).

SO ORDERED.

Dated: June 11, 2021  _____/s/_____
New York, New York  ALVIN K. HELLERSTEIN
United States District Judge